# IN THE COURT OF APPEALS OF IOWA

No. 20-1384
Filed April 14, 2021

IN RE THE MARRIAGE OF AMBER LOU VANRENAN
AND DUSTY JAY VANRENAN

Upon the Petition of
AMBER LOU VANRENAN,
     Petitioner-Appellee,

And Concerning
DUSTY JAY VANRENAN,
     Respondent-Appellant.

_____

Appeal from the Iowa District Court for Fremont County, Michael Hooper,

Judge.

Dusty VanRenan appeals the child-custody provision of the dissolution

decree. **AFFIRMED AND REMANDED.**

Amanda Heims, Council Bluffs, for appellant.

Jon H. Johnson of Johnson Law, P.L.C., Sidney, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Dusty VanRenan appeals the child-custody provision of the decree dissolving his marriage to Amber VanRenan. He argues the district court should have either enforced the mediated parenting plan or awarded the parties shared physical care of their two children. Amber argues the district court properly awarded her physical care.

Dusty and Amber married in 2015. They had one child at that time, born in 2014. Over the course of the marriage, the parties had one more child, born in 2017. Dusty also has one child from a prior relationship and, at the time of the dissolution trial, had a younger child. During the marriage, Dusty worked outside the home and Amber generally stayed home to care for the children. The parties separated in September 2017. Amber has since relocated to a town in Nebraska.

The parties participated in court-ordered mediation in April 2018. The parties were able to reach an agreement for joint legal custody and shared physical care of the parties' two children. In September, Amber asked the court to set aside the parenting plan. The district court reserved ruling until the dissolution trial, originally scheduled for that same month. Trial was continued multiple times. Dusty consistently asked the district court to enforce the mediated parenting plan. The first day of trial was in March 2020, but the second day was not held until August due to the COVID-19 pandemic. The district court awarded the parties joint legal custody and found "a shared care arrangement [was] not in the children's best interests." Amber was awarded physical care of the children and Dusty was awarded liberal visitation.

"The standard of review is de novo. We give weight to the findings of the district court, especially to the extent credibility determinations are involved." *In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007).

The parties' agreement regarding joint legal custody of the children is not in dispute on appeal. The issue before this court is physical care. "'Physical care' means the right and responsibility to maintain a home for the minor child[ren] and provide for the routine care of the child[ren]." Iowa Code § 598.1(7) (2017). "The parent awarded physical care maintains the primary residence and has the right to determine the myriad of details associated with routine living, including such things as what clothes the children wear, when they go to bed, with whom they associate or date, etc." *Hansen*, 733 N.W.2d at 694. While considering the best interests of children, "the objective of a physical care determination is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *Id.* at 695. Courts examine the factors listed in section 598.41(3) and *In re Marriage of Winter*, 223, N.W.2d 165, 166–67 (Iowa 1974) when making physical care determinations. *Hansen*, 733 N.W.2d at 696.

However, Iowa courts have "recognized the validity of agreements resolving issues in domestic relations cases." *In re Marriage of Briddle*, 756 N.W.2d 35, 40 (Iowa 2008). These stipulations are given the status of "a contract between the parties." *Id.* (quoting *In re Marriage of Jones*, 653 N.W.2d 589, 593 (Iowa 2002)). Neither party may rescind, but courts "retain the power to reject the parties' stipulation if it is unfair or contrary to law." *Id.* But, "once the court enters a decree, the stipulation, as a practical matter, has no further effect. The decree, not the stipulation, determines what rights the parties have." *Jones*, 653 N.W.2d at 594.

In the case at bar, the district court entered a decree and found shared care was not in the best interests of the children.  Thus, our review will examine whether the district court erred in awarding physical care to Amber, not whether it should have enforced the mediated parenting plan.  *See id.*  Our review will examine "the intent of the district court . . . not the intent of the parties."  *Id.*

The district court was aware of the parties' stipulated parenting plan and stated: "Since February of 2018, the parties have been sharing care under a temporary order but that arrangement is not workable long term."  The district court specifically invoked the factors and statutory framework regarding physical care determinations described above.  It found shared physical care was not in the children's best interests.  The district court described the testimony of multiple witnesses who described "the difficulty the parties had with making simple exchanges of the children and differences on potty training techniques."  It commented on the parties' inability to maintain a peaceful relationship.  Each parent alleged the other was inapt.  The district court also discussed Amber's extensive history as the primary caregiver for the children due to Dutsy's extensive work hours.  It ultimately made the following finding.

> After considering each witnesses['] testimony and observing their appearance, their conduct, weighing their bias, and making determinations as to what was reasonable and consistent with other evidence the Court found believable, the Court finds that awarding Amber primary physical care of [the] children is in their best interest. Amber has historically been the long-term primary care giver and will provide the children with the most stability and continuity in their life. The Court finds that primary care with Amber will most likely bring the children to healthy physical, mental, and social maturity and is in the children's best interest.  Dusty, no doubt, should and shall have a liberal visitation and holiday schedule.

Our de novo review of the record, giving weight to the district court's findings regarding witness credibility, reveals the parties have engaged in constant conflict for several years. *See Hansen*, 733 N.W.2d at 690. We agree with the district court that shared physical care is not in the best interest of the children. Amber's history as the primary care giver for the children will promote their long-term "health, both physically and mentally," and encourage development "to social maturity." *Id.* at 695. Because shared physical care is not in the children's best interest, we agree with the district court that deviation from the mediated parenting plan was warranted. *See Briddle*, 756 N.W.2d at 40; *Jones*, 653 N.W.2d at 594. The children are most likely to fulfill the statutory and common-law goals of health, physically and mentally, and social maturity in Amber's care. Accordingly, we agree with the district court's order awarding Amber physical care of the children.[1]

Amber requested an award of $4000.00 in appellate attorney fees. "Appellate attorney fees are awarded upon our discretion and are not a matter of right. When considering whether to exercise our discretion, 'we consider the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *In re Marriage of Heiar*, 954 N.W.2d 464, 473 (Iowa Ct. App. 2020) (quoting *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013)). Amber failed to file an affidavit of her attorney fees on appeal. Without an affidavit "we are unable to determine a reasonable award without more specific details of

---

[1] Dusty's brief makes a limited complaint of "severely restricted" visitation. On our examination of the visitation schedule, we disagree. He was awarded every other weekend through Monday morning, every Wednesday overnight, alternating holidays, and a minimum of fourteen days uninterrupted vacation. Dusty offered no specific visitation argument or request for our consideration.

how the fees were incurred for this appeal." *Id.* "We remand the issue of appellate attorney fees to the district court to determine a reasonable award." *Id.* at 473–74.

**AFFIRMED AND REMANDED.**